### In re MARK SHOE CO.

(District Court, D. Massachusetts. May 3, 1923.)

No. 27315.

Bankruptcy ⚖️474—Mortgagee held not chargeable with expense of continuing business for benefit of estate.

Where the business of a bankrupt is continued by the trustee for the benefit of the estate, a mortgagee of the property cannot be charged with any part of the expenses of such continuance.

In Bankruptcy. In the matter of the Mark Shoe Company, bankrupt. On review of order of referee. Affirmed.

Joseph W. Keith, of Brockton, Mass., for Home Nat. Bank.

Mark M. Horblit, of Boston, Mass., for trustee.

BREWSTER, District Judge. The trustee in bankruptcy, and prior to his appointment an assignee for the benefit of creditors, occupied premises of one Stone and continued thereon the business in which the bankrupt had been engaged until the merchandise and fixtures were sold by the trustee under order of the referee. The property sold was subject to a chattel mortgage for $4,200 held by the Home National Bank. The referee found the mortgage to be valid to the extent of $570.95. The sale was made free from all liens, and lien of the mortgagee was transferred to the proceeds. These proceeds amounted to $1,015, and the amount now in the hands of the trustee is $634.12. A claim for rent amounting to $715 is presented by an assignee of the lessor. While the amount due on the mortgage and the amount of the rent have been matters of dispute, no question is now raised regarding either of these amounts. The lessor's assignee contends that the rent should be borne in part by the mortgagee, on the ground that it was

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

an expense incurred in preserving the assets of the estate. It has been held that the reasonable cost appropriate to foreclosing and selling incumbered property may be assessed on the lienholder in case the proceeds are insufficient to satisfy the lien, but that expenses incurred in the general administration of the estate will not be charged to the lienholder (Gugel v. New Orleans Nat. Bank, 39 Am. Bankr. R. 160, 239 Fed. 676, 152 C. C. A. 510), and in some cases the lienholder has been required to contribute to expenses of preserving the assets, when obviously the expenses were incurred for the benefit of the lienholder. The Bethulia, 37 Am. Bankr. R. 227, 200 Fed. 879. But in the instant case the referee has found as a fact that the expenses for rent were incurred, not for the benefit of the mortgagee, but for the benefit of the creditors of the bankrupt, whose representative, as trustee in bankruptcy, elected to continue the business on the premises for the sole purpose of enabling him to sell the property more advantageously as a going concern.

In view of this finding of the referee I do not think the cases cited by the trustee warrant a reversal of the order of the referee directing the trustee to pay over to the Home National Bank the sum of $570.95, and this order is affirmed.